IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ERIC THOMAS MYERS,

    Movant,

v.                                                 Case No. 1:18-cv-00979
                                                 Case No. 1:16-cr-00223

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 90). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

Movant, Eric T. Myers (hereinafter "Defendant") was convicted in the United States District Court for the Western District of Virginia of two counts of pharmacy robbery, in violation of 18 U.S.C. §§ 2118(a) and (c)(1), and using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Following a term of imprisonment, he was released on a five-year term of supervised release. On or about November 17, 2016, his supervision was transferred to the Southern District of West Virginia.

On December 2, 2016, a revocation petition was filed. During these initial revocation proceedings, Defendant was represented by the Office of the Federal Public Defender. On January 17, 2017, this Court revoked Defendant's supervised release and imposed a five-month term of imprisonment, followed by a 54-month term of supervised release, with 12 months to be served in a halfway house. (ECF No. 21).

Defendant was released from custody on May 5, 2017. However, on May 8, 2017, the probation officer filed another revocation petition asserting that Defendant failed to immediately report to the halfway house upon his release from custody. Attorney E. Ward Morgan ("Morgan") was appointed to represent Defendant in his second revocation proceeding. (ECF No. 37).

On May 30, 2017, Defendant filed a letter-form motion for appointment of new counsel, asserting that he was dissatisfied with Morgan's assistance. (ECF No. 44). The district court denied that motion and, on June 7, 2017, Defendant's supervised release was again revoked. He was sentenced to serve six months in prison, followed by a 36-month term of supervised release. (ECF No. 50).

On January 30, 2018, a third revocation petition was filed asserting that Petitioner had failed multiple drug screens and had absconded from a halfway house. (ECF No. 68). On February 20, 2018, Defendant's supervised release was again revoked and he was sentenced to serve 24 months in prison with no further supervision to follow. A Memorandum Opinion and Order to that effect was entered on February 21, 2018. (ECF No. 84).

On May 31, 2018, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 90) and a Memorandum of Law in support thereof (ECF No. 91), asserting that Morgan provided ineffective assistance of

2

counsel during his revocation proceedings and failed to file a petition for appeal challenging his revocation sentence. Specifically, Defendant claims that Morgan had an existing conflict of interest due to Defendant's prior complaints about his performance. Defendant asserts that Morgan failed to call a requested defense witness during the revocation hearing, failed to communicate any plea negotiations, and failed to object to positions taken by the probation officer. Defendant further claims that he should have been sentenced within a guideline range of 6-12 months, and that Morgan failed to object when the district court sentenced him to twice that amount of time after improperly considering rehabilitation factors in deriving his sentence. Finally, Defendant asserts that Morgan failed to consult with him about whether he wished to appeal his sentence and failed to communicate with him during the fourteen-day period in which Defendant should have filed a timely notice of appeal. Defendant sought to be resentenced within the recommended guideline range with no supervision to follow.

On September 17, 2018, as ordered by the court, Morgan filed an affidavit addressing Defendant's claims of ineffective assistance of counsel. (ECF No. 100). Morgan's affidavit indicates that Petitioner was adamant that any revocation sentence not include further supervision (which is what he ultimately received), that Petitioner never denied or contested the conduct that led to the revocation of his supervised release, that Morgan spoke with the proposed defense witness and determined that her testimony would not be helpful to Petitioner, and that Petitioner did not request that he file an appeal. Morgan further explained that his phone system was not set-up to receive collect calls from the correctional facilities where Petitioner was housed during the two weeks following his final revocation proceedings. Morgan acknowledged that he did not have a record of sending Petitioner his final revocation/judgment order.

On October 17, 2018, the United States of America ("the government") filed a response to Defendant's § 2255 motion asserting that he had not demonstrated ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 102). Defendant subsequently filed two reply briefs. (ECF Nos. 103 and 108).

On November 8, 2019, Defendant was released from the custody of the Federal Bureau of Prisons. *See* https://www.bop.gov/inmateloc/ Because Defendant has no further term of federal supervision, there are no collateral consequences stemming from his challenged revocation sentence and this federal court cannot grant his requested relief.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007).

"A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir.1999). A movant's § 2255 remains viable while he is in custody or serving a term of supervised release. *See*

*Smith v. United States*, No. 1:08–cr–01288, 2009 WL 2213480, *1 (S.D. W.Va. July 23, 2009) (Goodwin, C.J.). However, a § 2255 movant's claims are mooted by his release from custody and the absence of any collateral consequences. *See Hurt v. United States*, No. 1:02–cr–0955, 2009 WL 36491, *3 (S.D. W.Va. Jan. 5, 2009) (Faber, J.); *see also Hatfield v. United States*, No. 5:10-cv-00128, 2013 WL 790008, at *1 (S.D. W. Va. Mar. 4, 2013) (Johnston, J.) (§ 2255 motion was moot after expiration of movant's term of supervised release).

As noted above, Defendant has been released from federal custody without any further term of supervision. Therefore, he has no collateral consequences from his challenged revocation sentence and this federal court cannot grant his requested relief. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 90), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address and to transmit a copy to counsel of record.

November 9, 2020

Dwane L. Tinsley
United States Magistrate Judge